82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonel Antonio MURILLO-ROMERO; Holman Antonio
Murillo-Sandoval, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70087.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leonel Antonio Murillo-Romero, and his son Holman Antonio Murillo-Sandoval, natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying their requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petitions for review.
 
 
 3
 Murillo-Romero contends that the BIA's adverse credibility determination is not supported by substantial evidence. This contention lacks merit.
 
 
 4
 We review for abuse of discretion the denial of asylum, Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995), and for substantial evidence both credibility determinations, and the decision to deny the withholding of deportation, id. at 907 (withholding); Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992) (credibility). In addition, an IJ's finding that a petitioner is not credible must be supported by "specific, cogent" reasons for disbelief. Berroteran-Melendez, 955 F.2d at 1256.
 
 
 5
 To establish eligibility for asylum, Murillo-Romero must show an objectively reasonable fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See Acewicz v. INS, 984 F.2d 1056, 1061-62 (9th Cir.1993). "The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (emphasis added).
 
 
 6
 Here, the IJ found Murillo-Romero's testimony to be "vague and unresponsive" and "contradictory and unclear." The IJ then pointed to internal inconsistencies in Murillo-Romero's testimony and inconsistencies between Murillo-Romero's testimony and his written asylum applications. First, the IJ noted that Murillo-Romero initially testified that he had given medical aid to the Contras once a week for the one to two months of the year that the Contras were in the area, and then testified that he had given aid to the Contras once a week continuously for two years for a total of 104 times. Next, the IJ pointed to Murillo-Romero's contradictory testimony about whether he wanted his son to serve in the Sandinista army. Finally, the IJ pointed to Murillo-Romero's clear testimony that he had not been detained following his application for an exit visa which directly contradicted Murillo-Romero's two written applications which stated that following application for an exit visa, "[i]mmediately they detained me, [and] interrogated me because when someone attempts to leave they lose their rights."[2]
 
 
 7
 The record contains substantial evidence supporting the IJ's adverse credibility finding. See Berroteran-Melendez, 955 F.2d at 1256-57. Accordingly, Murillo-Romero failed to provide credible, direct, and specific evidence necessary to establish an objectively reasonable fear of persecution. See Prasad, 47 F.3d at 339.
 
 
 8
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Murillo-Romero has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See id. at 340; Acewicz, 984 F.2d at 1062.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references to Murillo-Romero, the principal petitioner, include his son Holman Antonio Murillo-Sandoval
 
 
 [2]
 Murillo-Romero's written applications stated that he was also tortured, but at the onset of his deportation hearing, Murillo-Romero requested that "tortured" be crossed out